WILLIS V. FARR *v.* HERBERT W. LEACH.

February Term, 1926.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 6, 1926.

*Drains—Prerequisites to Action for Failure To Comply with Order of Selectmen Made under Chapter 205, General Laws.*

1. Action for damages by one landowner against adjoining landowner for his failure to comply with order of selectmen, made pursuant to Chapter 205, General Laws, to open drainage ditch, is purely statutory and the exclusive remedy, but under G. L. 4855 does not accrue to person interested who was a party of record until latter has opened ditch as therein authorized.

2. Where order of selectmen, made pursuant to Chapter 205, General Laws, relating to drainage ditch, directed that each part of ditch should be opened by the one to whom assigned on or before specified date, plaintiff in action against adjoining landowner for failure of latter to open part assigned to him within specified time cannot claim damages by reason of defendant's default, while plaintiff himself has failed to open part of ditch assigned to him by same order.

ACTION OF TORT. Heard by court on defendant's demurrer

to complaint at the March Term, 1925, Chittenden County, *Moulton*, J., presiding. Demurrer sustained. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Max L. Powell* for the plaintiff.

*Almon I. Bolles* and *Robert R. Twitchell* for the defendant.

BUTLER, J.   This is an action in tort.   The declaration alleges that plaintiff and defendant are owners of adjoining lands, that of the plaintiff being meadow, and lower than that of defendant.   That the water from a brook, which runs down a hill back of defendant's land, when swelled by heavy rains, finds lodgment on plaintiff's meadow and renders it swampy and boggy.   That the plaintiff, after failing to persuade the defendant to enter into some arrangement whereby the water might be diverted by a ditch or channel, applied to the selectmen of the town, under the provision of G. L., Ch. 205.   That the selectmen, after hearing, the defendant having been duly notified, found that "the convenience of individuals requires that said ditch or water course be opened," and ordered it done, apportioning the expense between the plaintiff, defendant and several others interested, "each portion of said ditch or water course to be opened by the party to whom it is assigned," on or before a certain date, which order was in writing, and duly filed with the town clerk, and a copy delivered to the parties.   That, though requested, the defendant has not opened his ditch, in accordance with the order, to the damage of the plaintiff.

The defendant demurred to the declaration.   On hearing, the demurrer was sustained, and the plaintiff excepted.

G. L. 4842, Chap. 205, provides that:   "When the public good or the necessity or convenience of individuals requires the opening of a ditch or water course to drain low or swamp lands, to enable owners or occupants to cultivate the same, such owners or occupants shall open such ditch or water course in proportion to their several interests."   Section 4843 provides that, when there is a dispute as to the opening of such ditch or water course, a party may apply to the selectmen of the town, who, by section 4844, are given authority to apportion the ditch or watercourse among the parties, having regard to the interest of each, and decide what time each party shall have in which

to open his share.  Section 4847 provides for the apportionment of the expense.  Section 4848 states that the written decision of the selectmen signed by a majority of them, or a certified copy thereof, shall be lodged in the town clerk's office, that a copy shall be delivered to the parties interested, and that the decision shall be binding upon them.  Section 4855 provides that: ''If a person does not open a ditch or water course, or his proportion thereof, in accordance with the order of the selectmen, a person interested who was a party of record to the proceedings may open such ditch or watercourse and collect pay for the same of the party who was to do the same by the order of said selectmen.''  Obviously no right of action under this section of the statute accrues to a person interested who was a party of record until he has opened the ditch.

[1]   This action is not one to recover damages, under the common law, for the wrongful flooding of plaintiff's land.  There is no allegation or claim that the defendant was at fault except in that he failed to comply with the order of the selectmen.  The proceedings to charge the defendant with the obligation of opening the ditch, and the liability for failing to do so, were entirely statutory.  The statute itself provides a remedy, i. e., that an interested party of record may open the ditch and collect pay from the recalcitrant.  The portion of the ditch which it is alleged defendant failed to open, was on the land of the plaintiff and so is unaffected by G. L. 4545, which permits an interested party to open the ditch on land of another without being a trespasser.  The mere making of the order could not damage the plaintiff.  It is the failure to comply with it that the plaintiff complains, and for this the statutory remedy is adequate.  We think this remedy was intended to be and is exclusive.

[2]   Furthermore, although the declaration sets forth the order of the selectmen to the effect that each part of the ditch should be opened by the one to whom it was assigned on or before a date fixed, now long past, there is no allegation that the plaintiff has opened his part thereof.  Since plaintiff was a party to the proceedings, and to the subsequent order, he cannot claim damages from the default of the defendant, while he himself has failed to comply with the reciprocal obligation imposed upon him.

The constitutionality of the statute in that it permits the selectmen to order the opening of a ditch on the land of another

"when the convenience of individuals require it," was not raised and so is not considered.

*Judgment affirmed and cause remanded.*